# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　　　　*Plaintiff-Appellee,*

v.

ALFREDO GAMINO-GUTIERREZ, a/k/a
Martin Perez, a/k/a Jose Alfaro
Cuellar,

　　　　　*Defendant-Appellant.*

No. 02-4375

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CR-01-112-FO)

Submitted: April 17, 2003

Decided: May 29, 2003

Before TRAXLER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Scott L. Wilkinson, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Alfredo Gamino-Gutierrez appeals his conviction and sentence pursuant to a violation of 8 U.S.C. §§ 1326(a) and (b)(2) (2000). Gamino-Gutierrez's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he argues that the penalty provision of § 1326 is unconstitutional in light of the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Gamino-Gutierrez filed a supplemental brief, but the United States did not file a formal brief. In accordance with *Anders*, we have considered the briefs and have examined the entire record for meritorious issues. We find no error and affirm.

On appeal, Gamino-Gutierrez's counsel argues that the penalty provision of § 1326 is unconstitutional under the holding in *Apprendi*. We have reviewed the record and find this issue foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and by our decision in *United States v. Sterling*, 283 F.3d 216 (4th Cir. 2002).

In his supplemental brief, Gamino-Gutierrez argues that his guilty plea was not given voluntarily, knowingly, and intelligently. However, we find that the plea colloquy was adequate and the district court did not commit plain error by accepting the plea. *See United States v. Martinez*, 277 F.3d 517, 527 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Gamino-Gutierrez's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such

a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*